1
2
3
4

**FARUQI & FARUQI, LLP**
Lisa Omoto (SBN: 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

5

6

*Counsel for Plaintiff and the Proposed Classes*

7

8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

DAVID FARIS, individually and on behalf of all others similarly situated,

   Plaintiff,

  v.

PETIT POT, INC.,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:23-cv-1955

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff David Faris ("Plaintiff") brings this Class Action Complaint against Petit Pot, Inc., ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon information and belief, the following:

## NATURE OF THE ACTION

1.    Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant regarding its misleading business practices with respect to the sale of Defendant's "Pot de Crème," dessert products. The products include the Dark Chocolate, Vanilla Bean, Vanilla Rice Pudding, Pistachio, Chocolate Hazelnut, Butterscotch, and Lemon flavors, and also the Classic Variety Pack of "The Classic Collection"; the Limited Edition Mint Chocolate; the Limited Edition Pumpkin Spice; and the Oatmilk Chocolate, Vanilla Rice Pudding, and Dark Chocolate flavors, and also the Plant-Based Variety Pack of "The Plant-Based Collection" ("Products").

2.    Specifically, Defendant has marketed and sold these Products with labeling, packaging, and advertising that leads consumers to believe that they are made in France, when in fact, they are not. To accomplish this, the Products prominently claim to be "French Dessert"," on the consumer-facing front of the Products' packaging. Each Product also displays on the front of the packaging an image of a figure wearing a French beret. This figure is the mascot of Petit Pot and goes by the French name "Ambassador Louis."[1]

3.    Further, both the words "Petit" and "Pot" of "Petit Pot" are French words, which translate to "Little Jar" or "Little Pot" in English. The jars used to serve Pots de Crème in France are commonly known as "petit pots."[2]  Images of

---

[1] https://oliosf.com/petitpot/ (last accessed March 16, 2023).

[2] https://nationaltoday.com/national-pots-de-creme-day/#:~:text=Pots%20De%20Creme%20are%20lightly,only%20about%20three%20inches%20tall. (last accessed March 16, 2023).

CLASS ACTION COMPLAINT

"petit pots" containing the Products are prominently displayed on the front of the packaging.

4.      "Pot de Crème" is a French dessert dating to the 17th century and remains a staple of French desserts today.[3] "Pot de Crème" is French and translates to "Cream Jar" or "Cream Pot" in English. The Products are served in small containers or jars, which is a unique feature of dairy products, including Pots de Crème, in France.[4]

5.      The Products are shipped in boxes that feature all of the above representations, and also the phrase "A Taste of Magique." "Magique" is French for "Magic."[5] These boxes also include an image of a shop door with a sign displaying "Ouvert," which is French for "Open."[6]

6.      Thus, the Products exploit the intimate relationship between the country of France and its classic dessert, the Pot de Crème, by labeling the Products as "French Dessert" and further, through the surfeit of French language and imagery prominently displayed on the Products' packaging.

7.      Dairy products, such as puddings and desserts, are a staple of French cuisine and the Pot de Crème is a quintessential French dessert. The people of France have a rich history and great pride in the cultivation of dairy products across France's vast farmlands, and this is reflected by the consumption of French dairy products in France and around the world.[7]

---

[3] *Id.*

[4] *See e.g.,* https://www.thespruceeats.com/what-is-french-style-yogurt-4778584(last accessed March 16, 2023).

[5] https://oliosf.com/petitpot/ (last accessed March 16, 2023).

[6] *Id.*

[7] https://www.filiere-laitiere.fr/en/key-figures/50-facts-about-french-dairy-industry (footnote continued)

-2-

CLASS ACTION COMPLAINT

8.      Because of this, consumers value dairy products, such as Pots de Crème, that are authentically made in France. Had Plaintiff and other consumers known that the Products were not made in France, they would not have purchased the Products or would have paid significantly less for them. Therefore, Plaintiff and other consumers have suffered an injury-in-fact as a result of Defendant's deceptive practices.

9.      Thus, Plaintiff, on behalf of himself and all others similarly situated, brings this case seeking damages, restitution, declaratory and injunctive relief, and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and there is diversity of citizenship between some members of the proposed Class and Defendant. Finally, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

11.     This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California. This Court also has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets in the State of California through the promotion, marketing, and sale of the Products, in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Furthermore, Plaintiff's claims arise out of Defendant's conduct within California, including Defendant's

_____

(last accessed March 16, 2023).

CLASS ACTION COMPLAINT

conduct of disseminating in California false and misleading representations indicating that the Products are made in France, when in fact they are not.

12.    Olio, "an integrated creative studio for food brands" which "build[s] stories for brands" is the branding and marketing company Defendant retained to *inter alia*, develop Petit Pot's branding and advertising through the Products' packaging and online presence.[8] Olio is based in, and operates out of, Berkeley California.[9]

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant's principal place of business is in this District, and Defendant sells its Products within this District and caused harm to class members residing in this District.

## **PARTIES**

14.    Plaintiff David Faris ("Faris") is a citizen of, and resides in Torrance, California. On or about June 2022, Mr. Faris purchased Petit Pot Pistachio Organic Pots de Crème online in Torrance, California. In purchasing the Products, Mr. Faris saw and relied on Defendant's reference to "French Dessert," next to an image of a figure wearing a French beret (*i.e.,* "Ambassador Louis"), the prominent French language on the packaging, including "Petit" and "Pot" of "Petit Pot"; and imagery of the small jars containing the Products, a unique feature of dairy products[10], including Pots de Crème, in France ("Representations").

15.    Based on these Representations, Mr. Faris believed he was purchasing Pots de Crème made in France. However, unbeknownst to Mr. Faris, the Products

---

[8] https://oliosf.com/ (last accessed March 16, 2023).

[9] *Id.*

[10] For example, yogurts made in France are poured into small pots or glass jars. https://www.thespruceeats.com/what-is-french-style-yogurt-4778584 (last accessed March 16, 2023).

CLASS ACTION COMPLAINT

are not made in France. Mr. Faris would not have purchased the Products or would have paid significantly less for them had he known that the Products were not made in France. Mr. Faris therefore suffered an injury-in-fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

16.     Despite being misled, Mr. Faris would likely purchase the Products in the future if the Products were in fact made in France. While Mr. Faris currently believes the Products are not made in France, he lacks personal knowledge as to Defendant's specific business practices, leaving doubt in his mind as to the possibility in the future that some of the Products could be made in France. This uncertainty, coupled with his desire to purchase the Products, and the fact that he regularly visits stores which sell the Products, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the false and/or misleading representations alleged herein. In addition, Class members will continue to purchase the Products, reasonably but incorrectly believing that they are made in France, absent an injunction.

17.     Defendant Petit Pot, Inc., is incorporated in Delaware and maintains its principal place of business in Emeryville, California. Defendant sells a line of pudding desserts known as "Pot de Crème," in a variety of different flavors.[11] The Products are available at grocery retailers in California. Defendant, directly and/or through its agents, is responsible for the manufacturing, packaging, marketing, distribution, and sale of the Products in California.

## FACTUAL ALLEGATIONS

18.     Dairy products, such as puddings and desserts, are a staple of French cuisine, and the Pot de Crème is a quintessential French dessert.

---

[11] https://petitpot.com/collections (last accessed March 16, 2023)

-5-

CLASS ACTION COMPLAINT

19.    France, which is sometimes referred to as "the land of milk," has "remarkably diverse land, the right temperate climate for meadows and plentiful water reserves," which makes it "by nature a major dairy country. . .."[12] As such, dairy products such as Pots de Crème and other desserts from France are renowned around the world due to their French origin.

20.    At all relevant times pertaining to this Complaint, the Products were sold across California and the United States at grocery chains, and other retailers.

21.    The packaging of the Products, regardless of size or variety (*e.g.,* Dark Chocolate, Vanilla Bean, The Classic Collection, The Plant-Based Collection, etc.), all contain the same misleading representations regarding the French origin of the Products. Specifically, the Products all contain the prominent claim "French Dessert" next to an image of a figure wearing a French beret and striped shirt (also known as "Ambassador Louis"). Further, the Products are sold under the French name "Petit Pot." The Products' packaging also displays the small jars that the Products come in, a unique feature of pots de crème and other dairy products in France.

22.    More so, the Products prominently claim to be "French Dessert," instead of "French *Style* Dessert." The lack of any language to qualify "French," such as "style" or "type," misleads consumers into believing that the Products are from France. When used with a geographic term to describe food or drink, the word "style" communicates to the consumer that the food or drink is prepared in a fashion that is similar to, or reminiscent of that used in the identified geographic area, but not that the food or drink is actually made in the identified geographic area.[13]

---

[12] https://www.filiere-laitiere.fr/en/filiere-laitiere/france-land-milk (last accessed March 16, 2023).

[13] For example, Blue Moon Brewing Company in Colorado brews "Belgian-Style (footnote continued)

CLASS ACTION COMPLAINT

"French Dessert," is thus misleading and deceptive because Defendant does not qualify this claim to accurately represent the Products, but instead omits qualifying language in order to mislead consumers into believing that the Products are from France. This deception is especially significant when considered alongside the prominence of the other Representations.

23.     The absence of any qualifying language such as "style" or "type," combined with the surfeit of French words and imagery surrounding the pot de crème Products, misleads consumers into believing that the Products are made in France.

24.     As described, the Products claim to be "French Dessert," on the consumer-facing front label of the Products' packaging. Above the "French Dessert" claim are the French words "Petit Pot," and also Defendant's mascot, "Ambassador Louis," donning a French beret and striped shirt and who undoubtedly depicts a character of French origin. Also prominently displayed on the front of the packaging is the small jar which contains the pudding. Serving desserts and other dairy products in small jars, such as the one displayed on the Products' packaging, is a unique feature of French cuisine.

25.     The foregoing representations, taken in isolation and as a whole, create the misleading impression that the Products are made in France, when they are not.

26.     Examples of the misleading packaging include, but are not limited to, the following:

Wheat Ale." https://www.bluemoonbrewingcompany.com/en-US/currently-available/blue-moon-belgian-white (last accessed March 16, 2023).

-7-

CLASS ACTION COMPLAINT





CLASS ACTION COMPLAINT

27.    The Products are also shipped in boxes, as depicted below, that feature the misleading representations, and further include the phrase "A Taste of Magique." "Magique" is French for "Magic." These boxes also include an image of a shop door with a sign displaying "Ouvert," which is French for "Open":



CLASS ACTION COMPLAINT

28.    The Products' labeling, packaging, and marketing are misleading to reasonable consumers, including Plaintiff and other Class members, and only serve the profit-maximizing interests of Defendant.

29.    Defendant deceptively labeled and packaged the Products to target consumers who are interested in purchasing Pots de Crème from France.

30.    As the entity responsible for the development, manufacturing, packaging, advertising, distribution, and sale of the Products, Defendant knew or should have known that each of the Products falsely and deceptively misrepresents that the Products are made in France.

31.    Defendant knows, knew or should have known, that Plaintiff and other consumers did and would rely on the labeling, packaging, and advertising before purchasing the Products, and would reasonably believe that the Products were made in France because of the Representations.

32.    Because the Products are not made in France as reasonably expected by Plaintiff and other consumers, Defendant's marketing of the Products was and continues to be misleading and deceptive.

33.    Each consumer has been exposed to the same or substantially similar deceptive practices because: (1) each Product contains the Representations; and (2) each Product is not made in France.

34.    Plaintiff and other consumers have paid an unlawful premium for the Products. Plaintiff and other consumers would have paid significantly less for the Products had they known that the Products were not made in France. In the alternative, Plaintiff and other consumers would not have purchased the Products at all had they known that the Products were not made in France. Therefore, Plaintiff and other consumers that purchased the Products suffered injury in fact and lost money as a result of Defendant's false, misleading, unfair, and fraudulent practices, as described herein.

-10-

CLASS ACTION COMPLAINT

35.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Defendant should be enjoined from deceptively representing that the Products are made in France.  Furthermore, Defendant should be required to pay for all damages caused to misled consumers, including Plaintiff.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff brings this case as a class action that may be properly maintained pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and on behalf of the following Nationwide Class, Nationwide Consumer Subclass, California Class, and California Consumer Subclass (collectively, "Class" or "Classes"):

a. **The "Nationwide Class":** All persons who purchased any of the Products in the United States within the applicable statute-of-limitations period.

b. **The "Nationwide Consumer Subclass":** All persons who purchased any of the Products in the United States for personal, family, or household purposes within the applicable statute-of-limitations period.

c. **The "California Class":** All persons who purchased any of the Products in California within the applicable statute-of-limitations period.

d. **The "California Consumer Subclass":** All persons who purchased any of the Products in California for personal, family, or household purposes within the applicable statute-of-limitations period.

37.    Excluded from the Classes are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's

CLASS ACTION COMPLAINT

immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

38.    Plaintiff is a member of the Nationwide Class, the Nationwide Consumer Subclass, the California Class, and the California Consumer Subclass.

39.    Plaintiff reserves the right to alter the Class definitions as Plaintiff deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of this District, and applicable precedent allow.

40.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence that individual Class members would use to prove those elements in individual actions alleging the same claims.

41.    **Numerosity**: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believes there are thousands, if not hundreds of thousands, of Class members.

42.    **Predominance of Common Questions of Law and Fact**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual Class members.

43.    All Class members were exposed to Defendant's deceptive advertising and marketing representations indicating that the Products were made in France, when in fact the Products were not made in France.

44.    Furthermore, common legal and factual questions include but are not limited to:

  a.    whether Defendant engaged in the course of conduct alleged herein;

  b.    whether Defendant's conduct is likely to deceive a reasonable consumer;

-12-

CLASS ACTION COMPLAINT

c.     whether Defendant's conduct constitutes an unfair or deceptive act or practice;

d.     whether Defendant violated the consumer protection statutes set forth below;

e.     whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

f.     whether Plaintiff and the Class members are entitled to equitable relief, including but not limited to injunctive relief and equitable restitution.

45.     Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

46.     **Typicality**: Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein; all Class members were subject to Defendant's false, misleading, and unfair advertising and marketing practices and representations, including the false and misleading representations indicating that the Products were made in France when, in fact, they are not made in France; and Plaintiff seeks the same relief as Class members.

47.     Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

48.     **Adequacy of Representation**: Plaintiff is a fair and adequate

-13-

CLASS ACTION COMPLAINT

representative of the Class because Plaintiff's interests do not conflict with the Class members' interests.

49.    Plaintiff has selected competent counsel that are experienced in class action and other complex litigation.

50.    Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously and have the resources to do so.

51.    **Injunctive or Declaratory Relief**: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief an appropriate remedy.

52.    **Superiority**: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

a.    The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

b.    Further, it would be virtually impossible for Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed

-14-

CLASS ACTION COMPLAINT

1            because of the relative expense of bringing individual lawsuits,

2            and provides the benefits of single adjudication, economies of

3            scale, and comprehensive supervision by a single court.

4    c.      The prosecution of separate actions by individual members of the

5            Class would create a risk of inconsistent or varying adjudications

6            with respect to individual Class members, which would establish

7            incompatible standards of conduct for Defendant.

8    d.      The prosecution of separate actions by individual Class members

9            would create a risk of adjudications with respect to them that

10           would, as a practical matter, be dispositive of the interests of

11           other Class members not parties to the adjudications or that

12           would substantively impair or impede their ability to protect their

13           interests.

14      53.     **Notice**: Plaintiff's counsel anticipate that notice to the proposed Class

15 will be effectuated through Court-approved notice dissemination methods, which

16 may include mail, Internet postings, and/or published notice.

17                      **FIRST CLAIM FOR RELIEF**

18     **Violation of California's Consumers Legal Remedies Act ("CLRA")**
               **California Civil Code §§ 1750,** *et seq***.**

19   (***for the Nationwide Consumer Subclass and California Consumer Subclass***)

20      54.     Plaintiff realleges Paragraphs 1-53 above as if fully set forth herein.

21      55.     Plaintiff brings this claim individually and on behalf of the members of

22 the Nationwide Consumer Subclass and the California Consumer Subclass against

23 Defendant.

24      56.     Each Product is a "good" within the meaning of Cal. Civ. Code

25 § 1761(a), and the purchase of such Products by Plaintiff and members of the

26 Nationwide Consumer Subclass and the California Consumer Subclass constitute

27 "transactions" within the meaning of Cal. Civ. Code § 1761(e).

28

CLASS ACTION COMPLAINT

57.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the source of the Products is France, when it is not. Therefore, Defendant has violated section 1770(a)(2) of the CLRA.

58.    Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Products with their current labels, packaging, and advertisements, Defendant has used deceptive representations and designations of the Products' geographical origin (France).  Therefore, Defendant has violated section 1770(a)(4) of the CLRA.

59.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . .." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products have characteristics (that they are made in France) when they do not have such characteristics. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

60.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current labels, packaging, and advertisements, Defendant has represented and continues to represent that the Products are of a particular style (that they are made in France) when they are of another (they are not made in France). Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

61.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By labeling, packaging, and marketing

-16-

the Products with references to France so that a reasonable consumer would believe that the Products are made in France, and then intentionally not selling Products made in France, Defendant has violated section 1770(a)(9) of the CLRA.

62.    At all relevant times, Defendant has known or reasonably should have known that the Products are not made in France, and that Plaintiff and other members of the Nationwide Consumer Subclass and the California Consumer Subclass would reasonably and justifiably rely on the Representations in purchasing the Products.

63.    Plaintiff and members of the Nationwide Consumer Subclass and California Consumer Subclass have reasonably and justifiably relied on Defendant's misleading and fraudulent conduct when purchasing the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of the Nationwide Consumer Subclass and the California Consumer Subclass.

64.    Plaintiff and members of the Nationwide Consumer Subclass and the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would not have purchased the Products or would have paid significantly less for the Products had they known that Defendant's conduct was misleading and fraudulent.

65.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the Nationwide Consumer Subclass and the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Defendant from further wrongful acts, unfair and unlawful business practices, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

66.    Pursuant to Cal. Civ. Code § 1782, on July 25, 2022, counsel mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant. Defendant received the notice and demand letter on July 28, 2022 (in

-17-

Emeryville, California, and Sacramento California). The CLRA letter to Defendant that provided notice of Defendant's violation of the CLRA demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. Defendant failed to comply with the letter.

67.    Because Defendant has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received both the notice and demand letters, Plaintiff timely filed his complaint against Defendant.

**SECOND CLAIM**
**Violation of California's False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500 *et seq.***
**(*for the Classes*)**

68.    Plaintiff realleges Paragraphs 1-53 above as if fully set forth herein.

69.    Plaintiff brings this claim on behalf of the Classes for violation of California's False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* (the "FAL").

70.    The FAL prohibits advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

71.    As detailed above, Defendant's marketing and sale of the Products to Plaintiff and other members of the Classes is likely to deceive a reasonable consumer because Defendant's representations are likely to lead a reasonable consumer to believe the Products are made in France, when in fact the Products are not made in France.

72.    In reliance of Defendant's false and misleading representations indicating the Products are made in France, Plaintiff and the other members of the Classes purchased the Products. Moreover, based on the very materiality of

-18-

CLASS ACTION COMPLAINT

Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Classes.

73.    Defendant knew or should have known that its labeling and marketing of the Products is likely to deceive a reasonable consumer.

74.    Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM**
**Violation of California's Unfair Competition Law**
**CAL. BUS. & PROF. CODE § 17200 *et seq.***
(***for the Classes***)

75.    Plaintiff realleges Paragraphs 1-53 above as if fully set forth herein.

76.    Plaintiff brings this claim against Defendant on behalf of the Classes for violation of the "unlawful," "unfair," and "fraudulent" prongs of California's Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* (the "UCL").

77.    The circumstances giving rise to the allegations of Plaintiff and the members of the Classes include Defendant's corporate policies regarding the marketing, sale, and provision of the Products.

78.    The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]." CAL. BUS. & PROF. CODE § 17200.

79.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

-19-

CLASS ACTION COMPLAINT

80.    As detailed herein, Defendant's acts, misrepresentations, omissions, and practices violate the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL.

81.    As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Classes.

82.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

83.    Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who purchased the Products and were deceived by Defendant's misrepresentations. Deceiving consumers about the geographical origin of the Products is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair."

84.    As a result of Defendant's unfair business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Classes.

85.    Second, Defendant committed "unlawful," "unfair," and/or "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known would be likely to and did deceive reasonable consumers, including Plaintiff and the members of the Classes. By relying on Defendant's false and misleading representations indicating the Products were made in France, Plaintiff and the other members of the Classes purchased the Products. Moreover, based on the very materiality of Defendant's fraudulent and misleading

-20-

CLASS ACTION COMPLAINT

conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and the members of the Classes.

86.     Defendant knew or should have known that its labeling and marketing of the Products would likely deceive a reasonable consumer.

87.     Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of the Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of the Classes, may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Warranty
### California Commercial Code § 2314(2)(f)
### (*for the Classes*)

88.     Plaintiff realleges Paragraphs 1-53 above as if fully set forth herein.

89.     Plaintiff brings this claim individually and on behalf of the members of the Classes.

90.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

91.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

92.     Defendant is a merchant with respect to the sale of the Products.

-21-

1  Therefore, a warranty of merchantability is implied in every contract for sale of the
2  Products to consumers.

3      93.    By advertising the Products with their current packaging, Defendant
4  made an implied promise that the Products are made in France. The Products have
5  not "conformed to the promises…made on the container or label" because they are
6  not made in France. Plaintiff, as well as consumers, did not receive the goods as
7  impliedly warranted by Defendant to be merchantable.

8      94.    Therefore, the Products are not merchantable under California law and
9  Defendant has breached its implied warranty of merchantability in regard to the
10  Products.

11      95.    Plaintiff realized that the Products did not conform to the promises
12  made on the packaging in July, 2022, and promptly mailed a letter of notice by
13  certified mail with return receipt requested, to Defendant that same month.

14      96.    If Plaintiff and members of the Classes had known that the Products
15  were not made in France, they would not have been willing to pay the premium price
16  associated with them or would not have purchased them at all. Therefore, as a direct
17  and/or indirect result of Defendant's breach, Plaintiff and members of Classes have
18  suffered injury and deserve to recover all damages afforded under the law.

19                    **<u>FIFTH CLAIM FOR RELIEF</u>**
20                    **Common law Fraud**
                      **(*for the Classes*)**

21

22      97.    Plaintiff realleges Paragraphs 1-53 above as if fully set forth herein.

23      98.    Plaintiff brings this claim individually and on behalf of the members of
   the Classes against Defendant.
24

25      99.    Defendant has willfully, falsely, or knowingly packaged and marketed
26  the Products in a manner indicating that the Products are from France. However, the
27  Products are not made in France. Therefore, Defendant has made misrepresentations
   as to the Products.
28

                              -22-

100.   Defendant also failed to disclose that the Products are made in the U.S., in order to induce consumers' purchases of the Products.

101.   Defendant's misrepresentations and omissions are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the Products and where they were made.

102.   Defendant knew or recklessly disregarded the fact that the Products are not made in France.

103.   Defendant intends that Plaintiff and other consumers rely on these representations and omissions, as evidenced by Defendant intentionally using labeling that either directly states or clearly implies that the Products are from France.

104.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations and omissions when purchasing the Products and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

105.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Classes*)

106.   Plaintiff realleges paragraphs 1-53 above as if fully set forth herein.

107.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

108.   As alleged herein, Defendant has intentionally and recklessly made

-23-

CLASS ACTION COMPLAINT

misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Products, and paid for them when they would and/or should not have or paid more money to Defendant for the Products than they otherwise would and/or should have paid.

109.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the Classes.

110.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

111.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

112.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

### SEVENTH CLAIM FOR RELIEF
**Intentional Misrepresentation**
(*for the Classes*)

113.   Plaintiff realleges paragraphs 1-53 above as if fully set forth herein.

114.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

-24-

115.   Defendant marketed the Products in a manner indicating that the Products are from France. However, the Products are not made in France. Therefore, Defendant has made misrepresentations as to the Products.

116.   Defendant's misrepresentations regarding the Products are material to a reasonable consumer because they relate to the characteristics of the Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

117.   At all relevant times when such misrepresentations were made, Defendant knew that the representations were misleading, or has acted recklessly in making the representations, without regard to the truth.

118.   Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant intentionally using packaging that either directly states or clearly implies that the Products are from France.

119.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

120.   Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the Classes*)

121.   Plaintiff realleges paragraphs 1-53 above as if fully set forth herein.

122.   Plaintiff brings this claim individually and on behalf of the members of

-25-

CLASS ACTION COMPLAINT

the Classes against Defendant.

123.   Defendant marketed the Products in a manner indicating that the Products are from France. However, the Products are not made in France. Therefore, Defendant has made misrepresentations as to the Products.

124.   Defendant's misrepresentations regarding the Products are material to a reasonable consumer because they relate to the characteristics of the Products. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

125.   At all relevant times when such misrepresentations were made, Defendant knew or had been negligent in not knowing that the Products were not imported from France. Defendant had no reasonable grounds for believing its misrepresentations were not false and misleading.

126.   Defendant intends that Plaintiff and other consumers rely on these representations, as evidenced by Defendant intentionally using packaging that either directly states or clearly implies that the Products are from France.

127.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

128.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the Court to enter an Order:

-26-

A.      certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.      declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.      declaring that Defendant has committed the violations of law alleged herein;

D.      providing for any and all injunctive relief the Court deems appropriate;

E.      awarding statutory damages in the maximum amount for which the law provides;

F.      awarding monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.      providing for any and all equitable monetary relief the Court deems appropriate;

H.      awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.      awarding Plaintiff reasonable costs and expenses of suit, including attorneys' fees;

J.      awarding pre- and post-judgment interest to the extent the law allows; and providing such further relief as this Court may deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all claims so triable.

-27-

CLASS ACTION COMPLAINT

Date: March 16, 2023

**FARUQI & FARUQI, LLP**

*/s/ Lisa Omoto*
Lisa Omoto (SBN: 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Counsel for Plaintiff*
*and the Proposed Classes*

-28-

CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, David Faris, declare as follows:

1.       I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.       This Class Action Complaint is filed in the proper place of trial because Defendant's principal place of business is in this District.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at Torrance, California.

3/15/2023 | 9:41 PM EDT

DocuSigned by:

939346CF17E44C2...

David Faris

-29-

CLASS ACTION COMPLAINT