**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

Case No.   **CV 23-1955-JFW(PDx)**                       Date:  August 18, 2023

Title:        David Faris -*v*- Petit Pot, Inc.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**          **ORDER TO SHOW CAUSE RE: SUBJECT  MATTER JURISDICTION**

On March 16, 2023, Plaintiff David Faris ("Plaintiff") filed a putative Class Action Complaint ("Complaint") in this Court against Defendant Petit Pot, Inc. ("Defendant"), alleging that the Court has subject matter jurisdiction over the action based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Under CAFA, a party may avail itself of federal jurisdiction when "the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100."  *Taylor v. Cox Commc'ns Cal., LLC*,, 2016 WL 2902459, at *2 (C.D. Cal. May 18, 2016); 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  The enactment of CAFA did not alter the longstanding rule that the proponent of federal jurisdiction bears the burden of establishing that jurisdiction.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

In his Complaint, Plaintiff alleges that he is a citizen of California.  Complaint, ¶ 14.  Plaintiff also alleges that Defendant is incorporated in Delaware and maintains its principal place of business in Emeryville, California.  Complaint, ¶ 17.  As a result, Defendant is a citizen of California and Delaware.  However, to meet the minimum diversity requirement under CAFA, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Because both Plaintiff and Defendant are citizens of California, the minimal diversity requirement is not met.  *See, e.g., Marroquin v. Wells Fargo, LLC*, 2011 WL 476540 (S.D. Cal. Feb.

Initials of Deputy Clerk __sr_

3, 2011) (concluding that the minimal diversity requirement is not met when the plaintiff was a citizen of California and the defendant was a citizen of Delaware and California); *see also Goddard v. Jubilant Hollisterstier, LLC*, 2023 WL 3020494 (E.D. Wash. Apr. 20, 2023) ("An entity's citizenship is dual, not alternative, and both must be considered in assessing minimal diversity . . . As a result, minimal diversity is not met if the sole defendant's dual citizenship includes the same citizenship as the plaintiff"); *Bell v. Farmers Insurance Group of Companies*, 2010 WL 11601297 (C.D. Cal. Sept. 14, 2010) (holding that "the corporate citizenship statute's use of the conjunctive gives dual, not alternative, citizenship to a corporation whose principal place of business is in a State different from the State where it is incorporated") (internal quotations omitted); *Johnson v. Advance Am.*, 549 F.3d 932, 935–36 (4th Cir. 2008) (concluding that corporate dual citizenship was insufficient to demonstrate minimal diversity when the corporation was a citizen of the same state as the plaintiff and the class).

Plaintiff attempts to satisfy the minimal diversity requirement in his Complaint, which seeks to certify a nationwide class, by alleging that "there is diversity of citizenship between some members of the proposed Class and Defendant." Complaint, ¶ 10. "However, a conclusory and prospective allegation that at least one unknown member of a nationwide class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction." *See Mendez v. Global Institute of Stem Cell Therapy and Research, USA*, 2022 WL 3019858 (S.D. Cal. July 29, 2022); *Park v. Webloytalty.com, Inc.*, 2013 WL 4711159 (S.D. Cal. Aug. 30, 2013) ("Although the complaint alleges that 'numerous class members are citizens of a state different from Webloyalty' and seeks to certify a nationwide class, no one else's citizenship is alleged. Normally, the party invoking the Court's jurisdiction is required to plead the citizenship of parties, sufficiently to show that diversity exists . . . Merely pleading the conclusion that parties are citizens of different states is generally insufficient"); *Valdez v. Asset Acceptance, LLC*, 2012 WL 2905715, at *2 (S.D. Cal. July 16, 2012) (holding that the plaintiff pleading in the complaint that class certification would "result in at least one class member belonging to a different state than that of" the defendant was insufficient to satisfy pleading requirements). Therefore, Plaintiff has failed to demonstrate that minimal diversity exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **August 23, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **August 23, 2023**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_